CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 16, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ALLAN RAY VIA,** | ) | |
| Plaintiff, | ) | **Case No. 7:25-cv-00319** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **T. KILBY, et al.,** | ) | **Senior United States District Judge** |
| Defendants. | ) | |

## MEMORANDUM OPINION

Allan Ray Via, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) against eleven individuals employed by the Virginia Department of Corrections (VDOC). The case is presently before the court on the defendants' partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 36. Via has responded to the motion, ECF No. 43, and the motion is ripe for review. For the reasons set forth below, the partial motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

### I.    Background

The events giving rise to this action occurred while Via was housed at Coffeewood Correctional Center (Coffeewood). Via alleges that he is partially paralyzed and suffers from chronic pain as a result of traumatic spine injuries and that his physical disabilities prevent him from getting in and out of his wheelchair in time for count. He alleges that various defendants brought disciplinary charges against him for failing to be seated in his wheelchair during count, rather than obtaining requested medical assistance. He further alleges that defendants engaged in retaliation and disability discrimination by pursuing or upholding the disciplinary charges,

that defendants failed or refused to accommodate his disability needs, and that he was deprived of due process in connection with the disciplinary proceedings. See Am. Compl., ECF No. 10, at 4–35. He names the following individuals as defendants: T. Kilby, L. Smith, M. A. Lewis, J. L. Mullins, W. D. Brown, C. LaDuke, K. Soutter, K. Mensa, Melvin C. Davis, and Adrian Tucker. Id. at 1, 3.

The defendants construed the amended complaint to assert the following claims against them:

Claim 1:    Defendant Kilby acted with deliberate indifference to Via's serious medical needs on February 20, 2025, by ignoring Via's request for medical assistance due to pain.

Claim 2:    Defendant Kilby violated Via's right to due process by issuing him a disciplinary charge on February 20, 2025, for failing to be seated in his wheelchair during count.

Claim 3:    Defendant Smith acted with deliberate indifference to Via's serious medical needs on several occasions in February, March, and April 2025, by ignoring Via's requests for medical assistance due to pain.

Claim 4:    Defendant Smith retaliated against Via by charging him with a disciplinary offense on several occasions in March and April 2025, after Via failed to comply with Smith's order to get in his wheelchair during count.

Claim 5:    Defendant Smith engaged in disability discrimination in violation of the ADA by ignoring Via's requests for medical assistance on several occasions in February, March, and April 2025, and instead charging him with a disciplinary offense.

Claim 6:    Defendant Lewis acted with deliberate indifference to Via's serious medical needs on March 13 and 19, 2025, by ignoring Via's requests for medical assistance due to pain.

Claim 7:    Defendant Lewis violated Via's right to due process by issuing him a disciplinary charge on March 13 and 19, 2025, for failing to be seated in his wheelchair during count.

2

Claim 8:       Defendant Lewis engaged in disability discrimination in violation of the ADA by ignoring Via's requests for medical assistance on March 13 and 19, 2025, and instead charging him with a disciplinary offense.

Claim 9:       Defendant Mullins deprived Via of due process during the course of disciplinary hearings conducted on March 4, 6, 12, 18, 24, and 25, 2025.

Claim 10:      Defendant Mullins engaged in disability discrimination in violation of the ADA by finding Via guilty of disciplinary charges that he incurred as a result of his physical disabilities.

Claim 11:      Defendant Brown deprived Via of due process during the course of a disciplinary hearing conducted on April 1, 2025.

Claim 12:      Defendant LaDuke deprived Via of due process during the course of disciplinary hearings conducted on April 3, 10, and 16, 2025.

Claim 13:      Defendant LaDuke subjected Via to cruel and unusual punishment by finding him guilty of the disciplinary offenses with which he was charged.

Claim 14:      Defendant LaDuke engaged in disability discrimination in violation of the ADA by finding Via guilty of the disciplinary charges that he incurred as a result of his physical disabilities.

Claim 15:      Defendant Soutter violated the ADA by denying or failing to respond to Via's request for an accommodation allowing him to remain in bed for count.

Claim 16:      Defendant Soutter acted with deliberate indifference by failing to protect Via from receiving disciplinary charges for not being seated in his wheelchair for count.

Claim 17:      Defendant Soutter retaliated against Via for requesting an accommodation.

Claim 18:      Defendant Mensa violated the ADA by failing to give Via medical approval for a disability accommodation allowing him to remain in bed during count.

3

Claim 19:     Defendant Mensa acted with deliberate indifference by failing to protect Via from receiving disciplinary charges for not being seated in his wheelchair for count.

Claim 20:     Defendant Mensa violated an order issued by the Albemarle County Circuit Court concerning Via's medical treatment.

Claim 21:     Defendant Davis is subject to supervisory liability for allowing staff under his supervision to discriminate against, harass, and retaliate against Via based on his disability.

Claim 22:     Defendant Davis violated an order issued by the Albemarle County Circuit Court concerning Via's medical treatment.

Claim 23:     Defendant Tucker retaliated against Via by denying his disciplinary appeals.

Claim 24:     Defendant Tucker engaged in disability discrimination in violation of the ADA by denying Via's disciplinary appeals.

Claim 25:     Defendant Tucker violated Via's right to due process by upholding his disciplinary convictions.

Defs. Br. Supp. Mot. Dismiss, ECF No. 37, at 2–4 (citing Am. Compl. at 4–35).

The defendants have moved to dismiss "all claims other than Claims 1, 3, and 6." Id. at 4. At this stage of the proceedings, the defendants "do not contest that Claims 1, 3, and 6 plead sufficient facts to state a viable claim for deliberate indifference." Id.

## II.    Standard of Review

Rule 12(b)(6) permits defendants to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's

4

factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When evaluating whether a complaint states a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." Wilcox v. Brown, 877 F.3d 161, 166-67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Id. "That means interpreting pro se pleadings 'to raise the strongest arguments they suggest.'" Jackson v. Dameron, 171 F.4th 641, 649 (4th Cir. 2026) (quoting Shaw v. Foreman, 59 F.4th 121, 127 (4th Cir. 2023)). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Pro se litigants still must allege sufficient facts to state a plausible claim for relief. Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016).

### III.    Discussion

### A.    Due Process Claims Asserted in Claims 2, 7, 9, 11, 12, and 25

Via claims that he was denied due process in connection with the disciplinary convictions he received for failing to be seated in his wheelchair for count. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). In the absence of a protected liberty or property

interest, "there can be no federal procedural due process claim." Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007).

In Wolff v. McDonnell, 418 U.S. 539 (1974), "the Supreme Court considered how prison disciplinary hearings must be structured in order to comport with the demands of the Due Process Clause of the Fourteenth Amendment." Brown v. Braxton, 373 F.3d 501, 504 (4th Cir. 2004). "The Supreme Court held that in a disciplinary proceeding in which an inmate's liberty interests are at stake, government officials must provide the inmate with written notice of the charges at least 24 hours before the hearing as well as a written report after the hearing detailing the evidence relied upon and the reasons for the disciplinary action." Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019). The Supreme Court "further recognized that, in such proceedings, an inmate has a qualified right 'to call witnesses and present documentary evidence in his defense.'" Id. (quoting Wolff, 418 U.S. at 566).

The procedural protections outlined in Wolff apply only when a disciplinary action implicates a protected interest. See Bd. of Regents v. Roth, 408 U.S. 564, 570 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). A protected liberty interest may arise from the Constitution itself or through state laws or policies. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To establish a state-created liberty interest, an inmate in Virginia must "point to a Virginia law or policy providing him with an expectation of avoiding the conditions of his confinement and demonstrate that those conditions are harsh and atypical in relation to the ordinary incidents of prison life." Prieto, 780 F.3d at 252.

6

In his amended complaint, Via alleges that the disciplinary infractions he incurred for not being in his wheelchair for count affect "security classification matters of good time release, good time conduct, [and] security level." Am. Compl. at 6; see also id. at 11–12, 16, 18, 20, and 35. However, none of the collateral consequences identified by Via implicates the protections afforded by the Due Process Clause. Although the loss of earned good time credits implicates a protected liberty interest and must comport with due process protections, see Lennear, 937 F.3d at 268 (citing Wolff, 418 U.S. at 55), courts have recognized that "Virginia prisoners have no liberty interest in any classification or good conduct time earning rate derived from the United States Constitution," Carter v. Stith, No. 3:22-cv-00775, 2024 WL 477985, at *17 (E.D. Va. Feb. 7, 2024) (quoting Henderson v. Clarke, No. 1:21-cv-00672, 2022 WL 16922818, at *7 (E.D. Va. Nov. 14, 2022)), and Via does not point to any Virginia law or policy that creates a liberty interest in remaining at a particular level for earning good conduct time.* Similarly, the Constitution itself confers no protected interest in being classified at a particular security level, see Meachum v. Fano, 427 U.S. 215, 225 (1976), and Via has not plausibly alleged that he has liberty interest under state law in being classified at a particular security level or housed in a specific correctional facility.

In short, Via's amended complaint does not set forth facts from which the court could reasonably conclude that he was deprived of a protected liberty or property interest as a result

---

* Via does not allege that he lost any earned good time credits as a result of the disciplinary convictions. Even if he had, it is well settled that an inmate "may not challenge the validity of a disciplinary conviction [resulting in the loss of good time credits] through a damages suit under § 1983 . . . 'unless the plaintiff can demonstrate that the conviction . . . already has been invalidated.'" Moskos v. Hardee, 24 F.4th 289, 295 (4th Cir. 2022) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). The amended complaint does not allege facts sufficient to satisfy this requirement.

of the challenged disciplinary actions. Consequently, the amended complaint fails to state a claim for denial of due process. See Cartagena v. Lovell, 103 F.4th 171, 184 (4th Cir. 2024) ("[B]ecause he failed to plead a liberty interest, the Due Process Clause requires no process."). Therefore, the defendants' partial motion to dismiss will be granted with respect to Claims 2, 7, 9, 11, 12, and 25.

## B.    Retaliation Claims Asserted in Claims 4, 17, and 23

In Claims 4, 17, and 23, Via asserts claims of retaliation against various defendants. Although retaliation is not specifically referenced in the Constitution, it is "nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights." ACLU of Md., Inc. v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993). In order to state a retaliation claim, a plaintiff's allegations must plausibly show (1) that he engaged in protected activity, (2) that the defendant took an adverse action that would deter a person of ordinary firmness from exercising his rights, and (3) that there was a causal relationship between the plaintiff's protected activity and the defendant's conduct. Gowen v. Winfield, 130 F.4th 162, 173 (4th Cir. 2025).

### 1.    Claim 4

In Claim 4, Via alleges that Smith engaged in "severe retaliation" by bringing disciplinary charges against him after he failed to comply with Smith's order to get in his wheelchair for count and "plead[ed] very verbally for medical help." Am. Compl. at 8. Via alleges that Smith had conducted count "a dozen" times without requiring him to be seated in his wheelchair; that Smith "saw [he] was struggling to get up" as a result of being partially paralyzed and in "severe chronic pain"; and that he asked Smith to obtain "medical help and

8

assistance" for him. Id. at 7. Nonetheless, according to Via, Smith refused to seek medical

help on the dates in question, left the housing unit, and "wrote disciplinary offense charges

instead of getting medical help and assistance." Id. at 8.

In moving to dismiss the retaliation claim against Smith, the defendants do not dispute

that a request for medical care by an inmate could be protected by the First Amendment. See,

e.g., Serrano v. Downs, 1:22-cv-01418, 2024 WL 1283545, at *4 (S.D. Ind. Mar. 25, 2024) ("A

request for medical or mental health care can be protected First Amendment activity.")

(collecting cases); see also Whitfield v. Spiller, 76 F.4th 698, 708 (7th Cir. 2023) ("To determine

whether [an inmate's] speech was protected we ask whether he engaged in this speech in a

manner consistent with legitimate penological interests.") (internal quotation marks omitted).

Instead, the defendants argue that refusing to comply with a "legitimate prison regulation . . .

is not . . . protected conduct," Defs.' Br. Supp. Mot. Dismiss, ECF No. 37, at 8 (quoting Smith

v. Mosley, 532 F.3d 1270, 1277 (11th Cir. 2008)), and that "Via's own allegations demonstrate

that the charge for [failing to obey Smith's order] was justified," id. at 9. Accepting these

particular arguments, however, would require the court to ignore certain allegations in the

amended complaint and view the allegations in Smith's favor, which the court cannot do at

this stage of the proceedings. While the defendants may be able to show at summary judgment

that Smith failed to comply with a legitimate order or that Via's failure to get in his wheelchair

"threatened the penological setting," Whitfield, 76 F.4th at 709, Via's allegations are sufficient

to state a claim of retaliation at this stage of the proceedings. See, e.g., Czapiewski v. Pingel,

No. 16-cv-1709, 2017 WL 435803, at *2 (E.D. Wis. Feb. 1, 2017) (allowing a retaliation claim

to proceed where a plaintiff alleged that he received a conduct report and was placed in the

9

restricted housing unit after the plaintiff informed staff that he was having thoughts of harming himself and others and expressed a need for medical/psychological care); see also Gowen, 130 F.4th at 174 (noting that close temporal proximity between protected activity and an allegedly retaliatory action may support an inference of causation at the pleading stage). Accordingly, the defendants' motion will be denied with respect to Claim 4.

### 2.    Claims 17 and 23

In Claim 17, Via asserts a claim of retaliation against K. Soutter, the "facility ADA compliance manager and institutional operations manager" who denied his ADA accommodation requests. Am. Compl. at 21–25. In Claim 23, Via asserts that Adrian Tucker retaliated against him by denying his disciplinary appeals.

The court agrees with the defendants that these claims of retaliation are subject to dismissal. As other courts have recognized, the denial of a grievance or grievance appeal is "not an 'adverse action' for retaliation purposes." Owens v. Coleman, 629 F. App'x 163, 167 (3d Cir. 2015); see also Mitchell v. Thompson, 564 F. App'x 452, 457 (11th Cir. 2014) ("Mitchell also alleges Cross retaliated against him, when she denied his grievances. This allegation fails to state a claim for relief, because it does not show Mitchell suffered an adverse action that likely would deter a person of ordinary firmness from engaging in such speech."). Likewise, the mere "denial of a requested accommodation does not by itself constitute retaliation for the request." Feliciano v. Coca-Cola Refreshments USA, Inc., 281 F. Supp. 3d 585, 593 (E.D. Pa. 2017); McClain v. Tenax Corp., 304 F. Supp. 3d 1195, 1207 (S.D. Ala. 2018) (concluding that the mere denial of a request for an accommodation cannot be an adverse action giving rise to a separate retaliation claim). To hold otherwise "would result in a claim

for unlawful retaliation every time a request for accommodation, reasonable or not, is denied."

Feliciano, 281 F. Supp. 3d at 593; see also Diemond v. Mich. Dep't of Corr., No. 1:20-cv-00473, 2020 WL 3481540, at *5 (W.D. Mich. June 26, 2020) (dismissing a First Amendment retaliation claims stemming from the denial of a prisoner's request for accommodation and noting that if the "denial of that request constitutes retaliation for its making, every time a prisoner request is denied it would give rise to a First Amendment retaliation claim"). For these reasons, the pending motion to dismiss is granted with respect to Claims 17 and 23.

**C.     Disability Discrimination Claims Asserted in Claims 5, 8, 10, 14, 15, 18, and 24**

In Claims 5, 8, 10, 14, 15, 18, and 24, Via claims that various defendants discriminated against him on the basis of his disability in violation of Title II of the ADA. See Jackson, 171 F.4th at 651 (recognizing that "Title II of the ADA prohibits state prisons from discriminating against disabled inmates on account of their disability" and that "disability discrimination in prisons includes failing to provide reasonable accommodations to inmates with disabilities").

In moving to dismiss these claims, the defendants argue that the claims "fail because there is no individual liability for violation of the ADA." Defs.' Br. Supp. Mot. Dismiss at 11 (citing Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999)). However, the defendants do not cite to any language in the amended complaint which would suggest that the ADA claims are asserted against the defendants only in their individual capacities. See Baird, 192 F.3d at 472 (holding that the district court properly dismissed the plaintiff's ADA action against defendants "in their individual capacities"). Because "[a]n individual state official, sued in his or her official capacity . . . , can be a proper defendant in an ADA [action], whether for monetary damages or injunctive relief," Treadway v. Mullins, No. 7:20-cv-00571, 2021 WL

11

4267519, at *20 (W.D. Va. Sept. 20, 2021) (emphasis added) (citing Fauconier v. Clarke, 966 F.3d 265, 276 (4th Cir. 2020)), and in light of Via's status as a pro se litigant, the court construes Via's ADA claims as having been brought against the defendants in their official capacities. See Ellard v. Cannon, No. 25-11670, 2026 WL 293288, at *2 & n.3 (11th Cir. Feb. 4, 2026) (liberally construing a pro se inmate's complaint to assert ADA claims against a defendant in her official capacity); Cooper v. Hung, 485 F. App'x 680, 686 (5th Cir. 2012) (concluding that a district court erred in construing an inmate's complaint as suing the defendants in their individual capacities under the ADA). Accordingly, the defendants' motion to dismiss is denied with respect to the ADA claims asserted in Claims 5, 8, 10, 14, 15, 18, and 24.

**D.     Claim for Cruel and Unusual Punishment Asserted in Claim 13**

In Claim 13, Via asserts that C. LaDuke subjected him to cruel and unusual punishment by finding him guilty of the disciplinary offenses of which he was charged. This claim is subject to dismissal under Rule 12(b)(6).

The Eighth Amendment "forbids punishments that 'involve the unnecessary and wanton infliction of pain.'" Hodges v. Meletis, 109 F.4th 252, 259 (4th Cir. 2024) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)). "The Supreme Court has also held that prison officials violate the Eighth Amendment when they fail to provide humane conditions of confinement by depriving inmates of light's necessities, such as food, clothing, shelter, medical care, and reasonable safety." Id. "For a prisoner to assert that prison officials imposed conditions of confinement that deprive him of life's necessities, however, he must prove two elements—that the deprivation by prison officials of a basic human need was objectively sufficiently serious, and that subjectively the officials acted with a sufficiently culpable state of

mind." Id. (internal quotation marks and alterations omitted). "Only then can the officials be charged with inflicting cruel and unusual punishment." Id. (emphasis omitted).

Via has not alleged facts sufficient to establish that any penalty resulting from the disciplinary hearings over which LaDuke presided reached the level of severity necessary to constitute cruel and unusual punishment in violation of the Eighth Amendment. See, e.g., Myron v. Terhune, 476 F.3d 716, 720 (9th Cir. 2007) (holding that an inmate's reclassification to a level IV prison did not give rise to an Eighth Amendment claim); Perez v. Fed. Bureau of Prisons, 229 F. App'x 55, 57 (3d Cir. 2007) (concluding that an altered security classification resulting in more limited privileges did not rise to the level of an Eighth Amendment violation); Gwinn v. Awmiller, 354 F.3d 122, 1229 (10th Cir. 2004) (concluding that the denial of good time credits and other privileges did not rise to the level of an Eighth Amendment violation). Nor has Via alleged facts from which the court could reasonably infer that LaDuke acted with a sufficiently culpable state of mind. To the extent Via claims that the disciplinary infractions could impact his security level, he has not plausibly alleged that LaDuke "consciously disregarded a substantial risk of serious harm" associated with his possible placement in a higher security facility. Cartagena, 103 F.4th at 181 (internal quotation marks and alterations omitted). Consequently, the defendants' motion will be granted with respect to the Eighth Amendment claim asserted in Claim 13.

**E.  Claims for Deliberate Indifference Asserted in Claims 16 and 19**

In Claims 16 and 19, Via asserts Eighth Amendment claims of deliberate indifference against K. Soutter, the ADA coordinator at Coffeewood, and K. Mensa, the facility's "health authority." Am. Compl. at 26. "It is beyond debate that a prison official's deliberate

13

indifference to an inmate's serious medical needs constitute cruel and unusual punishment under the Eighth Amendment." Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted). "A successful medical deliberate indifference claim has 'two components, objective and subjective.'" Phoenix v. Amonette, 95 F.4th 852, 859 (4th Cir. 2024) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)). "The objective component requires that the plaintiff's medical condition . . . be serious—one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks omitted). "The subjective component requires showing that the defendant had actual subjective knowledge of both the [plaintiff's] serious medical condition and the excessive risk posed by the official's action or inaction." Id. (internal quotation marks omitted).

In moving to dismiss the claims of deliberate indifference asserted against Soutter and Mensa, the defendants acknowledge that Via's allegations establish that he has a serious medical condition. However, the defendants construe the amended complaint to assert that Soutter and Mensa "failed to prevent Via's disciplinary charges related to formal count procedures" and argue that the "failure to protect Via from incurring institutional disciplinary convictions cannot constitute deliberate indifference" since the "convictions in and of themselves do not exacerbate or otherwise affect his medical condition." Defs.' Br. Supp. Mot. Dismiss at 13.

Having reviewed the allegations in the amended complaint, the court is unwilling to construe the claims against Soutter and Mensa in such a narrow fashion. See Shaw, 59 F.4th at 128 ("This Court reads pro se pleadings to raise the strongest arguments that they suggest,

14

and we consider whether a pro se civil rights plaintiff is entitled to relief under any legal theory that his factual allegations might plausibly convey."). While Via alleges that Soutter allowed him to be repeatedly charged with disciplinary offenses, he also asserts that she acted "with deliberate indifference to [his] disabling traumatic spine injuries" and failed to protect him from "an excessive risk of more injury [and] chronic pain" by denying his requests for accommodations. Am. Compl. at 22–23. Via further alleges that he has "chronic disc deformities" and experiences "chronic pain that is torture to [him] every day"; that Soutter "has full knowledge of [his] concerns and medical records of disc degeneration disease" and that forcing him "to do something if it is gonna cause more injury [and] pain constitutes cruel [and] unusual punishment." Id. at 24–25. Similarly, Via alleges that Mensa, as Coffeewood's health authority, has access to a "plethora of medical records" documenting Via's disabling spine injuries and that she and Soutter acted with deliberate indifference to the risk of "detrimental harm that would occur to an inmate if particular accommodations or exemptions aren't granted to an individual with loss of impairment of a[] body part due to chronic disc deformities from [a] spine injury." Id. at 27.

The Supreme Court has "recognized that refusal of prison officials to accommodate an inmate's disability needs 'in such fundamentals as mobility, hygiene, [and] medical care' is conduct that can violate both the ADA and Eighth Amendment." Valentine v. Collier, 993 F.3d 270, 280–81 (5th Cir. 2021) (alteration in original) (quoting United States v. Georgia, 546 U.S. 151, 157 (2006). Likewise, "the United States Court of Appeals for the Fourth Circuit has recognized that the failure to accommodate a prisoner's disability . . . can violate the Eighth Amendment in certain circumstances, such as where the failure to provide accommodations

endangers the prisoner's health or safety." Davis v. Nines, 24-2488, 2026 WL 784373, at *8 (D. Md. Mar. 19, 2026) (collecting cases). At this early stage, Via's allegations are sufficient to state an Eighth Amendment claim of deliberate indifference against Soutter and Mensa based on their alleged failure to accommodate his disabling spine injuries. Accordingly, the motion to dismiss will be denied with respect to Claims 16 and 19.

**F.    Claims Asserted Against Davis in Claim 21**

In Claim 21, Via asserts claims against Warden Melvin C. Davis. Via alleges that Davis has "allow[ed] staff under his supervision to discriminate, harass, [and] retaliate" against Via, including by "not allowing accommodations or exemptions to be given." Am. Compl. at 30. Via also alleges that Davis failed to intervene when Via appealed the disciplinary infractions resulting from his "chronic disability," despite knowing that the convictions would affect "classification matters" and Via's security level. Id. at 30–31.

To the extent Via claims that Davis violated his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment by upholding the disciplinary convictions, such claims are subject to dismissal for the same reasons set forth above. Additionally, the court agrees with the defendants that Via's allegations are insufficient to satisfy the Fourth Circuit's test for supervisory liability under § 1983. See Johnson v. Robinette, 105 F.4th 99, 123 (4th Cir. 2024) ("To establish supervisory liability, the inmate must prove: '(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that

16

there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.'") (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).

To the extent Via's allegations against Davis can be construed to assert violations of the ADA, the defendants argue that such claims fail because the ADA does not provide for individual liability. As indicated above, however, the court liberally construes the ADA claims to be asserted against the defendants in their official capacities. Because "an official acting in his official capacity" is a "proper defendant" under Title II of the ADA, Everson v. Leis, 556 F.3d 484, 501 n.7 (6th Cir. 2009), the disability discrimination claims asserted against Davis in his official capacity will be allowed to proceed at this stage of the litigation. Consequently, the motion to dismiss is granted in part and denied in part with respect to Claim 21.

**G.     Claims 20 and 22**

In Claims 20 and 22, Via alleges that Mensa and Davis are "in contempt of the medical court order . . . for medical treatment" entered in Albemarle County Circuit Court. Am. Compl. at 27, 31–32; see also Compl. Ex., ECF No. 1-2, at 1 (order requiring that "the Virginia Department of Corrections provide all necessary medical treatment to address the defendant's medical conditions"). However, it is unclear what therapeutic agent, therapy, or procedure the defendants allegedly failed to provide. And to the extent Via seeks to hold Mensa and Davis in contempt for violating the order, the defendants are correct that this court does not have the authority to enforce orders entered by a state court. See Sisney v. Kaemingk, 15 F.4th 1181, 1200 (8th Cir. 2021) ("Under no circumstances may a federal court impose any kind of action for contempt of another court's order."). If Via believes that the defendants have

17

violated an order entered by the Albemarle County Circuit Court, "the appropriate recourse . . . [is] to advise the state court of the alleged violations" and seek recourse in that court. Beaudoin v. Mich. Racing, Inc., 30 F. App'x 575, 576 (6th Cir. 2002). Accordingly, Claims 20 and 22 will be dismissed without prejudice.

## IV.    Conclusion

For the reasons stated, the defendants' partial motion to dismiss, ECF No. 36, is **GRANTED IN PART AND DENIED IN PART**. An appropriate order will be entered.

Entered: July 16, 2026

Michael F.
Urbanski
U.S. District Judge
2026.07.16
14:02:29 -04'00'

Michael F. Urbanski
Senior United States District Judge